UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

April 25, 2019

MEMORANDUM TO PARTIES RE:     Corey Douglas Ogden v. U.S. Office of
                              Personnel Management
                              Civil Action No. GLR-18-1494

Dear Parties:

Pending before the Court is Defendant U.S. Office of Personnel Management's ("OPM") Motion to Dismiss for Lack of Subject-Matter Jurisdiction (ECF No. 26). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant the Motion.

Plaintiff Corey Douglas Ogden began working for the Social Security Administration ("SSA") on July 19, 2009. (Def.'s Mem. Supp. Mot. Dismiss Lack Subj.-Matter Juris. ["Def.'s Mot."] Ex. 1 Merit Systems Protection Board ("MSPB") Initial Decision ["MSPB Decision"] at 1, ECF No. 26-2).[1] Ogden "began displaying disruptive behavior in June 2015." (Id. at 1–2). On September 21, 2016, he was officially reprimanded and placed on a two-day administrative leave from which he did not return. (Id. at 2).

On October 3, 2016, Ogden applied for disability retirement from the Federal Employees' Retirement System ("FERS"), which OPM denied in March 2018. (Id.). On March 13, 2018, Ogden requested reconsideration of OPM's decision. (Id. at 3).[2]

Also on March 13, 2018, Ogden sued OPM in the U.S. District Court for the Northern District of West Virginia, alleging discrimination and gross negligence. (Compl. at 1, ECF No. 1). Ogden seeks money damages. (Id. at 3). On May 23, 2018, the U.S. District Court for the Northern District of West Virginia transferred the case to this Court. (ECF No. 10).

---

[1] Unless otherwise noted, the Court takes the following facts from Ogden's Complaint, (ECF No. 1), and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

[2] On April 20, 2018 or April 30, 2018, OPM affirmed its denial. (MSPB Decision at 1, 3). On May 2, 2018, Ogden appealed OPM's decision to the MSPB. (Id. at 1). On August 21, 2018, an MSPB administrative judge affirmed OPM's decision. (Id.). On August 28, 2018, Ogden appealed that decision to the full MSPB. (Def.'s Mot. Ex. 2 at 1, ECF No. 26-3; see also Pl.'s Aug. 27, 2018 Ltr. at 2, ECF No. 17). Ogden's most recent filing in this case, an April 4, 2019 letter to the Court, notes that OPM is reviewing his new claim, filed in October 2018, but offers no update on his appeal to the full MSPB. (See Pl.'s Apr. 4, 2019 Ltr., ECF No. 31).

On December 11, 2018, OPM filed its Motion to Dismiss for Lack of Subject-Matter Jurisdiction. (ECF No. 26). On December 14, 2018, Ogden filed an Opposition, (ECF No. 28), which he amended on December 17, 2018, (ECF No. 29). To date, the Court has no record that OPM filed a Reply.

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. A defendant challenging a complaint under Rule 12(b)(1) may advance a "facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" Hasley v. Ward Mfg., LLC, No. RDB-13-1607, 2014 WL 3368050, at *1 (D.Md. July 8, 2014) (alteration in original) (quoting Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009)).

When a defendant raises a facial challenge, the Court affords the plaintiff the "the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Kerns, 585 F.3d at 192 (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). As such, the Court takes the facts alleged in the complaint as true and denies the motion if the complaint alleges sufficient facts to invoke subject matter jurisdiction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). With a factual challenge, the plaintiff bears the burden of proving the facts supporting subject matter jurisdiction by a preponderance of the evidence. U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). In determining whether the plaintiff has met this burden, the Court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams, 697 F.2d at 1219). Nevertheless, the Court applies "the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id. (citing Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1559 (9th Cir. 1987)). The movant "should prevail only if the material jurisdictional facts are not in dispute and the [movant] is entitled to prevail as a matter of law." Id. (citing Trentacosta, 813 F.2d at 1558). Unlike under the summary judgment standard, however, the Court is permitted to decide disputed issues of fact, Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009), and weigh the evidence, Adams, 697 F.2d at 1219.

Here, OPM argues that the Court should dismiss Ogden's Complaint for lack of subject-matter jurisdiction because only the United States Court of Appeals for the Federal Circuit has jurisdiction over Ogden's claims—a facial challenge—and then only once Ogden has exhausted his administrative remedies—a factual challenge. Ogden does not address the Federal Circuit issue and, instead, argues that he has exhausted his administrative remedies. The Court agrees with OPM that only the Federal Circuit has jurisdiction over Ogden's claims.

OPM is responsible for adjudicating claims for benefits under the Civil Service Retirement System ("CSRS"), 5 U.S.C. § 8347(a)–(c) (2018), and under FERS, 5 U.S.C. § 8461(a)–(d) (2018). Under FERS, this includes "determin[ing]" questions of disability and dependency." § 8461(d). Except for an appeal to the MSPB under § 8461(e)(1), OPM's decisions "concerning these matters are final and conclusive and are not subject to review." Id. The U.S. Supreme Court has noted that two other statutes, 28 U.S.C. § 1295(a)(9) and 5 U.S.C.

§ 7703(b)(1), provide that the Federal Circuit has exclusive appellate jurisdiction over "a final order or final decision of the [MSPB]." Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 792 (1985). Further, these statutes "do not admit any exceptions for disability retirement claims." Id.

The United States Court of Appeals for the Fourth Circuit has not considered the Civil Service Retirement System and FERS statutory scheme, but other circuits have consistently interpreted it to require exhaustion before the MSPB before seeking judicial review at the Federal Circuit. In Lampon-Paz v. Office of Personnel Management, the United States Court of Appeals for the Third Circuit held that "[a] beneficiary unhappy with the OPM's determination of benefits may seek review by the [MSPB] . . . [a]nd a beneficiary unhappy with the [MSPB's] decision may then seek judicial review, but only in the . . . Federal Circuit." 732 F.App'x 158, 160 (3d Cir. 2018) (first citing 5 U.S.C. §§ 8347(d)(1), 8461(e)(1); then citing 5 U.S.C. § 7703(b)(1)(A)), cert. denied, 139 S.Ct. 828 (2019). Similarly, the United States Court of Appeals for the First Circuit held that "[t]he consequence of [FERS's and the Civil Service Retirement Act's] extensive remedial framework is that generally the plaintiff must pursue retirement benefits claims first at OPM, then at the MSPB, and finally at the Federal Circuit." Rodriguez v. United States, 852 F.3d 67, 83 (1st Cir. 2017); see also Keiger v. Sachon, No. JKB-10-1556, 2011 WL 1213115, at *2 (D.Md. Mar. 30, 2011) ("Authority to administer the [Civil Service Retirement Act] is vested exclusively in OPM, and only the [MSPB] and the . . . Federal Circuit have jurisdiction to review OPM's decisions." (citing Fornaro v. James, 416 F.3d 63, 64 (D.C. Cir. 2005)).

Here, Ogden sued OPM in the U.S. District Court for the Northern District of West Virginia, and his case was subsequently transferred to this Court. Because the statutory scheme discussed above requires Ogden to seek judicial review in the Federal Circuit, the Court concludes that it lacks subject-matter jurisdiction over Ogden's claims. As a result, the Court will grant OPM's Motion and dismiss the case without prejudice to Ogden's ability to seek judicial review at the appropriate time in the Federal Circuit.[3]

---

[3] When Ogden filed this suit, he was still seeking relief from OPM and had not even filed his appeal to the MSPB under § 8461(e)(1). It does not appear, therefore, that Ogden exhausted his statutorily provided administrative remedies before seeking judicial review in federal court. See Collins v. Sec'y of Veterans Affairs, 257 F.Supp.2d 812, 818 (E.D.Pa. 2003) ("If Plaintiff had sought to appeal OPM's decision, she would have been required to file such appeal with the MSPB, in order to exhaust her administrative remedies." (citing 5 U.S.C. §§ 7701(a), 8347(c) and 8347(d)(1)); Walton v. Cieslicki, No. 93 CV. 6901, 1994 WL 62954, at *2 (S.D.N.Y. Feb. 18, 1994) (Sotomayor, J.) (holding that the court lacked subject-matter jurisdiction over a complaint seeking judicial review of OPM's determination of plaintiff's annuity payments and declining to address the exhaustion of administrative remedies because only the Federal Circuit has jurisdiction under 28 U.S.C. § 1295(a)(9)), aff'd, 41 F.3d 1501 (2d Cir. 1994).

For the foregoing reasons, OPM's Motion to Dismiss for Lack of Subject-Matter Jurisdiction (ECF No. 26) is GRANTED. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly, CLOSE this case, and mail a copy to Ogden at his address of record.

Very truly yours,

/s/
_____
George L. Russell, III
United States District Judge